UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN RAMSEY<br>Petitioner,<br>v.<br>TERESA A. SCHWARTZ,<br>Respondent. | CR-97-40153-DLJ<br>CV-05-02446-DLJ<br><br>**ORDER** |

On July 22, 2008, petitioner Sean Ramsey ("Ramsey") filed a motion for relief from judgment. On September 25, 2008, the government filed its opposition. Ramsey filed a reply on October 10, 2008. On October 17, 2008, the Court heard oral argument. Having considered the evidentiary record, the briefs and oral arguments presented by the parties, and the applicable law, the Court hereby GRANTS the motion for relief from judgment.

## BACKGROUND

### 1. Factual Background and Procedural History

On June 16, 2005, Ramsey filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255. On April 7, 2006, the Court dismissed the petition as untimely. The Court observed, based on the evidence in the record, that the one year statute of limitations must have run on Ramsey's petition by at least April

2005. The Court concluded that Ramsey's June 16, 2005 petition was time-barred by approximately three months.

In the instant motion, Ramsey moves for relief from that ruling pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(6). Specifically, Ramsey seeks relief under the doctrine of equitable tolling. Ramsey argues that he was unable to timely file his petition for two reasons: (1) he was denied access to his legal materials due to a prison transfer; and (2) he was denied access to the prison's law library during a series of lockdowns.

**2. Legal Standards**

**a. Motion for Relief from Judgment**

FRCP 60(b)(6) provides that a court may vacate an order for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision empowers a court to vacate an order "whenever such action is appropriate to accomplish justice." Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).

**b. Equitable Tolling**

The doctrine of equitable tolling applies to § 2255 petitions. United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004). Pursuant to this doctrine, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The denial of access to

one's personal legal property may entitle a petitioner to equitable tolling. See Lott v. Mueller, 304 F.3d 918, 922-23 (9th Cir. 2002). Similarly, lack of access to library materials may entitle a petitioner to equitable tolling. See Whalem/Hunt v. Early, 233 F.3d 1146, 1147-48 (9th Cir. 2000).

**DISCUSSION**

Ramsey has established that he is entitled to at least three months of equitable tolling. It appears that Ramsey did not have access to his legal materials for approximately six months after prison authorities transferred him from the High Desert State Prison to the California Medical Facility. In addition, Ramsey was subject to lockdowns at High Desert State Prison over a period of approximately nine months. The records show that Ramsey did not access the law library during that time even though he requested access at least three times. Based on the number of citations to legal authorities contained in Ramsey's habeas petition, it is apparent that Ramsey required access to his legal materials, the law library, or both, in order to prepare a petition. Accordingly, the Court finds that Ramsey was subject to extraordinary circumstances which impeded his ability to file his habeas petition. Moreover, as demonstrated by Ramsey's repeated requests for access to the law library, Ramsey diligently pursued his rights. Because the Court finds that Ramsey is entitled at least three months of equitable tolling, in

order to "accomplish justice," the Court vacates its April 7, 2006 ruling. Maraziti, 52 F.3d at 254.

**CONCLUSION**

Based on the foregoing, the Court hereby GRANTS Ramsey's motion for relief from judgment.

IT IS SO ORDERED

Date: October 20, 2008

By ______________________
D. LOWELL JENSEN
United States District Judge